**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | | |
|---|---|---|
| Scottsdale Insurance Company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| | ) | **COMPLAINT FOR** |
| Per Mar Security and Research Corporation, | ) | **DECLARATORY RELIEF** |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

Plaintiff, Scottsdale Insurance Company ("Scottsdale") hereby makes its Complaint against Per Mar Security and Research Corporation ("Per Mar") and alleges as follows:

**NATURE OF THE ACTION**

1. This is a declaratory judgment action pursuant to 28 U.S.C. § 2201 in which Scottsdale seeks a determination that it has no duty to defend or indemnify Per Mar under a commercial general liability policy for damages arising from bodily injury incurred by an employee of Per Mar.

**PARTIES**

2. Scottsdale is an Ohio company, with its principal place of business in Columbus, Ohio. Accordingly, it is a citizen of the State of Ohio.

3. Upon information and belief, Per Mar is an Iowa company with its principal place of business in Davenport, Iowa. Accordingly, it is a citizen of the State of Iowa.

## JURISDICTION AND VENUE

4. This declaratory judgment action is brought pursuant to 28 U.S.C. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure.

5. An actual justiciable controversy exists between Scottsdale and Per Mar within the meaning of 28 U.S.C. § 2201 regarding insurance coverage provided under an insurance policy issued by Scottsdale to Per Mar, as more particularly described below.

6. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the suit is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. At issue is whether Per Mar is entitled to a defense and/or indemnity from Scottsdale in the matter entitled: *Rodney B. Knull, et al. v. New York marine & General Insurance Company, et al*, pending in the Circuit Court of Walworth County, Wisconsin Case No. 16-CV-752 (the "Underlying Action"). Scottsdale seeks a declaration that it has no obligation to defend or indemnify Per Mar in the Underlying Action and no obligation to indemnify Per Mar with respect to a default judgment which has been granted against Per Mar in the Underlying Action.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) in that the insurance policy under which a declaration was sought was issued to Per Mar in this District.

## GENERAL ALLEGATIONS

### The Underlying Action and tender to Scottsdale

8. On or about July 18, 2014, Mr. Rodney Knull, an employee of Per Mar, was injured while working as a security agent for Per Mar at a facility owned by Kikkoman Foods, Inc. ("Kikkoman").

9. Mr. Knull alleges that he was injured when he was run over by a semi tractor-trailer operated by Mr. Khaleed Mahmoud. Upon information and belief, Mr. Mahmoud was working for Integrated Industries, Inc. ("Integrated") at the time of the accident.

10. On or about November 3, 2016, Mr. Knull filed the Underlying Action against Integrated, Mr. Mahmoud and Integrated's insurer. The Underlying Action asserted a claim for negligence against Mr. Mahmoud and claim that Integrated was vicariously liable for the negligent acts and omissions of Mr. Mahmoud.

11. On or about February 24, 2017, the three defendants in the Underlying Action filed a third-party complaint against Kikkoman asserting that Kikkoman negligently breached a duty it owed to properly supervise and/or train Mr. Knull.

12. On or about May 9, 2017, Kikkoman tendered the defense of the third-party complaint to Per Mar per a contract between Per Mar and Kikkoman. In addition, Kikkoman tendered the defense to Scottsdale, claiming it was entitled to coverage as an additional insured under a policy Scottsdale issued to Per Mar.

13. The contract under which Kikkoman tendered to Per Mar was entitled a "Physical Securities Service Contract" (the "Service Contract"). The Service Contract provided, in relevant part, as follows:

> 10. It is understood and agreed that PerMar is not an insurer and the insurance, if any, covering personal injury and property loss or damage on [Kikkoman's] premises shall be obtained by [Kikkoman]; that PerMar is being paid for security services designed to augment [Kikkoman's] overall security program and the amounts being charged by PerMar are not sufficient to warrant against loss; and PerMar does not assume responsibilities for any losses which may occur unless due to PerMar's sole negligence. PerMar will provide to [Kikkoman] current insurance certificates naming [Kikkoman] as an additional insured on PerMar's General Liability and Workers' Compensation coverage.

14. Upon information and belief, Per Mar denied the tender from Kikkoman.

3

15. On or about July 26, 2017, Scottsdale denied coverage to Kikkoman as an additional insured.

16. On or about July 26, 2017, Scottsdale denied coverage to Per Mar for the indemnity claim asserted against Per Mar by Kikkoman.

17. Neither Kikkoman nor Per Mar responded to Scottsdale's denials of coverage.

18. On or about January 3, 2018, Kikkoman filed a Third-Party Complaint in the Underlying Action against Per Mar asserting a claim for contribution and indemnity and breach of contract. ("Kikkoman's Third-Party Complaint"). With respect to the contribution and indemnity claim, Kikkoman alleged that in the event Mr. Knull or Integrated proved their allegations against Kikkoman, Kikkoman will be entitled to contribution and/or indemnity against Per Mar because Per Mar had an obligation to train and provide safe employment to its employees, such as Mr. Knull. Kikkoman also asserted that Per Mar breached its contractual obligation under paragraph 10 of the Services Contract to name Kikkoman as an additional insured on Per Mar's general liability and workers compensation policies. To the extent Kikkoman was named as an additional insured, Kikkoman alleged that Per Mar failed to satisfy a promise of making sure Kikkoman was entitled to the same coverages afforded to Per Mar.

19. Per Mar did not tender Kikkoman's Third-Party Complaint to Scottsdale or otherwise notify Scottsdale of Kikkoman's Third-Party Complaint. Rather, Liberty Mutual Insurance Company forwarded a copy of Kikkoman's Third-Party Complaint to Scottsdale. Upon information and belief, Liberty Mutual Insurance Company was Per Mar's workers compensation insurer at the time of Mr. Knull's accident.

20. By letter dated February 27, 2018, Scottsdale advised Per Mar it had no obligation to defend or indemnify Per Mar with respect to the allegations in Kikkoman's Third-Party Complaint.

21. Per Mar did not respond to Scottsdale denial of coverage for the allegations in Kikkoman's Third-Party Complaint.

22. On or about July 10, 2018, counsel for Kikkoman advised Scottsdale that Kikkoman had not received a response from Per Mar to Kikkoman's Third-Party Complaint and, thus, Kikkoman was proceeding with a motion for default against Per Mar, with a hearing to be held on July 13, 2018. The motion for default indicated that the damages being sought were in excess of $515,000.

23. Upon information and belief, Kikkoman provided notice of the motion for default to Per Mar.

24. By letter dated July 11, 2018, Scottsdale informed counsel for Kikkoman that it had advised Per Mar in February of 2018 that the Scottsdale policy did not provide coverage for Kikkoman's Third-Party Complaint and that Per Mar had not responded to Scottsdale denial of coverage. Scottsdale copied Per Mar on the July 11, 2018 correspondence and sent a copy of that correspondence to Per Mar by overnight mail.

25. Upon information and belief, Kikkoman's motion for default was granted.

**The Policy**

26. Scottsdale issued policy number BCS 0031273 to Per Mar for the policy year of December 31, 2013 to December 31, 2014 (the "Policy"). The general liability coverage is provided under form CG 0001 (04 –13). The Policy is subject to an amendment with respect to the definition of insured contract. The amendment is set forth in CG 24 26 (4 –13).

27. The Policy excludes coverage for bodily injury to any employee of Per Mar. Specifically, the Policy's Employer's Liability Exclusion states as follows:

**e.** **Employer's Liability**

"Bodily injury" to:

**(1)** An "employee" of the insured arising out of and in the course of:

**(a)** Employment by the insured; or

**(b)** Performing duties related to the conduct of the insured's business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury. This exclusion does not apply to liability assumed by the insured under an "insured contract".

28. The Employer's Liability Exclusion states it does not apply to liability assumed by an insured under an "insured contract." The Policy defines the term "insured contract", in relevant part, as follows:

"Insured contract" means:

\* \* \* \*

f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf. However, such part of contract or agreement shall only be considered an "insured contract" to the extent your assumption of the tort liability is permitted by law. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

29.     Kikkoman's Third-Party Complaint seeks damages from Per Mar for any obligation of Kikkoman to pay damages because of injury to Mr. Knull, Per Mar's employee. Accordingly, the Employer's Liability Exclusion bars coverage for Kikkoman's Third-Party Complaint against Per Mar.

30.     The insured contract exception in the Employer's Liability Exclusion is not applicable because the Service Contract between Kikkoman and Per Mar does not meet the definition of an "insured contract" in the Policy. Indeed, Kikkoman's Third-Party Complaint does not assert that Per Mar agreed to assume the tort liability of Kikkoman in the Service Contract.

31.     Other terms, conditions and exclusions in the Policy may further bar or limit coverage to Per Mar for Kikkoman's Third-Party Complaint and the default judgment entered against Per Mar.

## COUNT I:

## DECLARATORY JUDGMENT

1.     Scottsdale hereby incorporates and realleges the allegations in Paragraphs 1 – 31 as if fully set forth herein.

2.     There exists a genuine and bona fide dispute, and an actual controversy and disagreement between Scottsdale and Per Mar concerning whether Scottsdale has an obligation to defend or indemnify Per Mar with respect to Kikkoman's Third-Party Complaint and/or the default judgment obtained by Kikkoman against Per Mar.

3.      Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 through 2202, Scottsdale in good faith requests that the Court declare that Scottsdale has no

obligation to defend or indemnify Per Mar with respect to Kikkoman's Third-Party Complaint and/or the default judgment obtained by Kikkoman against Per Mar.

## PRAYER FOR RELIEF

WHEREFORE, Scottsdale demands judgment as follows:

1. Declaring that Scottsdale has no obligation to defend or indemnify Per Mar with respect to Kikkoman's Third-Party Complaint and/or the default judgment obtained by Kikkoman against Per Mar.

2. Award Scottsdale its costs and disbursements in this matter; and

3. For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Come now the Plaintiff hereby requests and demands a trial by jury of all issues properly triable to a jury.

October 24, 2018                                                             Respectfully submitted,

*/s Kathleen Reitz*
Kathleen Reitz (#25708066)
kreitz@meagher.com
Meagher & Geer, P.L.L.P.
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
(612) 338-0661

Attorneys for Scottsdale Insurance Company